United States District Court
For the Northern District of California

1
2
3                    UNITED STATES DISTRICT COURT
4                  NORTHERN DISTRICT OF CALIFORNIA
5
6
7   JENNIFER DAVIDSON,
            Plaintiff,                    No. C 14-1783 PJH
8
        v.                                **ORDER GRANTING MOTION**
9                                         **TO DISMISS**
    KIMBERLY-CLARK CORPORATION,
10  et al.,
11          Defendants.
    _____/
12

13          Defendants' motion pursuant to Federal Rules of Civil Procedure 12(b)(1) and

14  12(b)(6) for an order dismissing the first amended complaint came on for hearing on

15  November 12, 2014.  Plaintiff appeared by her counsel Adam Gutride, and defendants

16  appeared by their counsel Amy Lally.  Having read the parties' papers and carefully

17  considered their arguments and the relevant legal authority, the court hereby GRANTS the

18  motion as follows.

19                              **BACKGROUND**

20          Plaintiff Jennifer Davidson alleges that defendants Kimberly-Clark Corporation,

21  Kimberly-Clark Worldwide, Inc.; and Kimberly-Clark Global Sales LLC ("Kimberly-Clark" or

22  "defendants") falsely advertised that four cleansing cloths/"wipes" they manufacture and

23  sell are "flushable."  First Amended Complaint ("FAC") ¶¶ 17, 19-25, 31-38.  The four

24  products at issue are Kleenex® Cottonelle® Fresh Care Flushable Wipes & Cleansing

25  Cloths, Scott Naturals® Flushable Moist Wipes, Huggies® Pull-Ups® Flushable Moist

26  Wipes, and U by Kotex® Refresh flushable wipes.  FAC ¶ 17.

27          Plaintiff asserts that "[r]easonable consumers understand the word 'flushable' to

28  mean suitable for disposal down a toilet."  FAC ¶ 18.  Plaintiff asserts that the four

United States District Court

For the Northern District of California

1   Kimberly-Clark products are not in fact "flushable" under that definition.  Id.  She believes

2   that after the wipes are flushed down a toilet, they fail to "disperse," with the result that they

3   may clog municipal sewer systems and septic systems, and/or damage pipes and sewage

4   pumps.  See FAC ¶¶ 18, 39.  Indeed, she claims that the defendants' flushable wipes are

5   designed so as to "not break down easily when submersed in water."  FAC ¶ 40.

6           At some point in 2013, plaintiff purchased one of the products at issue – Scott

7   Naturals® Flushable Moist Wipes (also referred to as Scott Naturals® Flushable Cleansing

8   Cloths) – which at the time she believed had been "specially designed to be suitable for

9   flushing down toilets . . . [without] caus[ing] problems in her plumbing or at the water

10  treatment plant."  FAC ¶ 52.

11          She does not allege that her use of the wipes caused plumbing problems.  Instead,

12  she simply asserts that after "several uses of the wipes," she "began to become concerned

13  that they were not truly flushable, [and] so stopped flushing the wipes and stopped using

14  the product altogether."  FAC ¶ 53.  She has not purchased any of defendants' "flushable"

15  products since that time, FAC ¶ 55 (and indeed bought the Scott Naturals® product on only

16  the one occasion "[i]n 2013").

17          Plaintiff asserts that she would not have purchased the Scott Naturals® wipes had

18  defendants not misrepresented "the true nature" of their "flushable" products – or, at a

19  minimum, would have paid less for the Scott Naturals® product because she would not

20  have obtained the benefit of being able to flush it, FAC ¶ 56 (even though she did flush it).

21          Plaintiff filed the original complaint in this case on March 13, 2014 in the Superior

22  Court of California, County of San Francisco, as a proposed class action.  Plaintiff asserts

23  violations of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, et seq.,

24  and the False Advertising Act ("FAL"), Cal. Bus. & Prof. Code § 17500, et seq.; common

25  law fraud, deceit and/or misrepresentation; and unlawful, unfair, and deceptive trade

26  practices, in violation of Cal. Bus. & Prof. Code § 17200, et seq. ("UCL").

27          Plaintiff claims that the four products at issue are deceptively advertised as

28  "flushable," FAC ¶¶ 35-38; that they are all manufactured "using the same proprietary

2

United States District Court

For the Northern District of California

1  paper blend, for which [d]efendants own the patent," FAC ¶ 40; and that they were all

2  subjected to the same "flawed" tests used for setting the "guidelines" for determining

3  whether a product is "flushable," FAC ¶¶ 41-47.  She asserts that wipes that are not truly

4  "flushable" are the cause of numerous problems at municipal sewage treatment facilities.

5  FAC ¶¶ 48-51.

6       Defendants removed the case on April 17, 2014, asserting jurisdiction under the

7  Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A).  They subsequently moved to

8  dismiss the complaint and strike certain allegations in the complaint.  On August 8, 2014,

9  the court issued an order granting the motion in part and denying it in part.

10      The court denied the motion to dismiss the statutory UCL/FAL/CLRA causes of

11 action for lack of subject matter jurisdiction (failure to allege Article III and statutory

12 standing), with the exception of the claim for prospective injunctive relief, for which the

13 court found plaintiff had no standing.

14      The court granted the motion to dismiss the statutory claims for failure to allege

15 fraud with particularity as to affirmative misrepresentations, with leave to amend, to plead

16 facts showing that defendants made false statements, and that she relied on the alleged

17 misrepresentations.  The court denied the motion to dismiss the statutory claims for failure

18 to state a claim of fraudulent omissions, finding that it was unclear whether plaintiff's claim

19 was that the alleged omission of information explaining the meaning of "flushable" was

20 actionable because it was contrary to an affirmative representation made by defendants, or

21 that it was actionable because defendants had a duty to disclose to her (and/or the public)

22 that the wipes might not completely disperse by the time they arrived at the wastewater

23 treatment plant.

24      The court granted the motion to strike as irrelevant the allegations regarding

25 sewage/septic systems and municipal wastewater treatment plants in locations other than

26 the city where plaintiff lives (San Francisco, California).  The court denied the motion to

27 strike allegations regarding products plaintiff did not purchase and advertising she did not

28 view, on the ground that those allegations might possibly be relevant to the question

3

United States District Court

For the Northern District of California

1   whether plaintiff can assert UCL/FAL/CLRA claims on behalf of a proposed class as to

2   such products or advertising.

3        Plaintiff filed the FAC on September 5, 2014, alleging the same four causes of action

4   as in the original complaint.  Under the CLRA claim, plaintiff seeks restitution, injunctive

5   relief, actual damages, punitive damages, and statutory damages, on her behalf and on

6   behalf of the other members of the proposed class.  Under the UCL/FAL claims, plaintiff

7   seeks restitution and injunctive relief, on her own behalf and on behalf of the other

8   members of the proposed class.  Under the fraud claim, plaintiff seeks compensatory

9   damages and punitive damages, on her own behalf and on behalf of the other members of

10  the proposed class.  On all four causes of action, plaintiff seeks on her own behalf and on

11  behalf of the other members of the proposed class "and the general public," attorney's fees

12  under the CLRA and California Code of Civil Procedure § 1021.5, plus costs of suit.

13       Defendants now seek an order dismissing the FAC for lack of subject matter

14  jurisdiction and failure to state a claim, and striking certain allegations in the FAC.

**DISCUSSION**

16  A.   Motion to Dismiss for Lack of Subject Matter Jurisdiction

17       1.   Legal standard

18       Federal courts can adjudicate only those cases which the Constitution and Congress

19  authorize them to adjudicate – those involving diversity of citizenship or a federal question,

20  or those to which the United States is a party.  Kokkonen v. Guardian Life Ins. Co. of

21  America, 511 U.S. 375, 380-81 (1994).  The court is under a continuing obligation to ensure

22  that it has subject matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3).  A defendant may raise

23  the defense of lack of subject matter jurisdiction by motion pursuant to Rule 12(b)(1) of the

24  Federal Rules of Civil Procedure.  The plaintiff always bears the burden of establishing

25  subject matter jurisdiction.  Kokkonen, 511 U.S. at 377.

26       Standing is "an essential and unchanging part of the case-or-controversy

27  requirement of Article III" of the United States Constitution.  Lujan v. Defenders of Wildlife,

28  504 U.S. 555, 560 (1992).  To establish a "case or controversy" within the meaning of

4

United States District Court

For the Northern District of California

1   Article III, a plaintiff must, at an "irreducible minimum," show an "injury in fact" which is

2   concrete and not conjectural, as well as actual or imminent; a causal causation between

3   the injury and defendant's conduct or omissions; and a likelihood that the injury will be

4   redressed by a favorable decision. Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139,

5   149 (2010); Lujan, 504 U.S. at 560-61.  Standing is not subject to waiver, and must be

6   considered by the court even if the parties fail to raise it. See United States v. Hays, 515

7   U.S. 737, 742 (1995).

8            2.      Defendants' Motion

9        In the prior order, the court found that plaintiff lacked standing to seek prospective

10  injunctive relief because she failed to allege facts showing she intended to purchase the

11  product at issue in the future – and more importantly, actually indicated that she would not

12  purchase any of defendants' "flushable" products in the future. Aug. 8, 2014 Order, at 6-9.

13  Although the court did not specify that the dismissal of the claims for prospective injunctive

14  relief was with prejudice, it seemed clear to the court that any amendment would be futile.

15  Nevertheless, the FAC again seeks prospective injunctive relief.  Defendants argue that the

16  court should dismiss the injunctive relief claims for the same reason as stated in the prior

17  order.

18       The court finds that the FAC fails to allege sufficient facts to show standing to seek

19  injunctive relief.  In a new section of the FAC, plaintiff alleges that she "continues to desire

20  to purchase wipes that are suitable for disposal in a household toilet" and that she "would

21  purchase truly flushable wipes manufactured by [d]efendants if it were possible to

22  determine prior to purchase if the wipes were suitable to be flushed." See FAC ¶ 57.  She

23  claims that she "regularly visits stores such as Safeway," where defendants' "flushable"

24  wipes are sold, but has been "unable to determine the flushability of the wipes on the

25  shelves." Id.  She "knows that the design and construction of the [f]lushable [w]ipes may

26  change over time, as [d]efendants use different technology or respond to pressure from

27  legislatures, government agencies, competitors, or environmental organizations," but as

28  long as defendants use "flushable" to describe wipes that are not in her opinion, flushable,

5

1    she will continue to have no way of knowing whether the representation "flushable" is true

2    or not.  Id.

3          Based on these "new" allegations, plaintiff asserts in her opposition to the motion

4    that as long as defendants continue to deny her accurate information about products she

5    wishes to purchase, the ongoing "injury in fact" is sufficient to confer standing.  Plaintiff

6    contends that even if she does not have statutory standing because she has not alleged a

7    likelihood of future loss of money or property, she has adequately alleged Article III

8    standing based on a continuing constitutional "injury in fact" based on a "credible threat that

9    defendants' ongoing violations of California's consumer protection laws" will cause her

10   injury.

11         Plaintiff claims that courts in this district have granted injunctive relief "in identical

12   circumstances."  In support, she cites three "food" cases – Ries v. Arizona Beverages USA

13   LLC, 287 F.R.D. 523, 533 (N.D. Cal. 2012); Henderson v. Gruma Corp., 2011 WL 1362188

14   at *8 (C.D. Cal. Apr. 11, 2011); and Brazil v. Dole Packaged Foods, LLC., 2014 WL

15   2466559 (N.D. Cal. May 30, 2014).  She does not explain, however, how those cases are

16   "identical" to the present case.

17         The court finds that the motion must be GRANTED.  As stated in the prior order,

18   plaintiff lacks standing to assert a claim for prospective injunctive relief, as she has

19   indicated she has no intention of purchasing the same Kimberley-Clark product in the

20   future.  Thus, leave to amend would be futile.  Plaintiff alleges that the product at issue is

21   not "flushable," and that she wishes to purchase a product that is truly "flushable."  Given

22   that she has concluded that the "flushable" wipes at issue in this case are not truly

23   "flushable," any such product that she would be willing to purchase would necessarily be a

24   product with a different design and construction, not the product at issue here.  See FAC ¶¶

25   53, 54, 57.  Just as the court found with regard to the original complaint, plaintiff wants to

26   purchase different wipes, not the same wipes again.

27         Moreover, the threat of future harm alleged in the FAC is that Kimberly-Clark

28   might redesign its product in the future, and that plaintiff might not know that the product

United States District Court

For the Northern District of California

1  has been redesigned to be more "flushable," and that she <u>might</u> not purchase it.  <u>See</u> FAC

2  ¶ 57.  This is exactly the type of conjectural or hypothetical injury for which a plaintiff does

3  not have standing.  <u>See</u>, <u>e.g.</u>, <u>Mayfield v. U.S.</u>, 599 F.3d 964, 970 (9th Cir. 2010); <u>Profant</u>

4  <u>v. Have Trunk Will Travel</u>, 2011 WL 6034370 at *5 (C.D. Cal. Nov. 29, 2011).

5      Unlike the plaintiffs in the cases cited by plaintiff in her opposition, plaintiff is not

6  likely to purchase the Scott Wipes if the "flushable" label is simply removed, given that she

7  stopped using the wipes after she made the determination that they were not "flushable."

8  The allegations in the FAC make clear that plaintiff does not want a non-"flushable" wipe,

9  and that she would not have purchased the Scott wipes had she known they were not

10  "flushable" under her definition.  Thus, even if Kimberly-Clark removed the "flushable" label

11  and even if it charged less for the product, plaintiff would still not buy it because she

12  believes it is not flushable.

13      Courts have found in <u>Ries</u> and other "food" cases that the product might still be

14  purchased by the plaintiff if properly labeled.  However, where a plaintiff has no intention of

15  purchasing the product in the future, a majority of district courts have held that the plaintiff

16  has no standing to seek prospective injunctive relief, and some have also held that a

17  plaintiff who is aware of allegedly misleading advertising has no standing to seek

18  prospective injunctive relief.  <u>See</u>, <u>e.g.</u>, <u>Rahman v. Mott's LLP</u>, 2014 WL 5282106 at *5-6

19  N.D. Cal. Oct. 15, 2014 (discussing issue and citing cases); <u>In re ConAgra Foods, Inc.</u>, __

20  F.R.D. __ , 2014 WL 4104405 at * 27-29 (C.D. Cal. Aug. 1, 2014) (same, in context of

21  motion to certify Rule 23(b)(2) class).

22      In addition, in cases such as this one, involving claims that a product does not work

23  or perform as advertised, where the plaintiff clearly will not purchase the product again,

24  courts have found no risk of future harm and no basis for prospective injunctive relief.  <u>See</u>,

25  <u>e.g.</u>, <u>Delarosa v. Boiron</u>, 2012 WL 8716658 at *5 (C.D. Cal. Dec. 28, 2012) (advertising for

26  homeopathic medication was false because product did not perform as advertised, but

27  plaintiffs would not buy product in future because in their view it did not work); <u>Castignola v.</u>

28  <u>Hewlett Packard Co.</u>, 2012 WL 2159385 at *5 (N.D. Cal. June 13, 2012) (consumers

signed up on website for "membership" with monthly fees for service they thought was free had no standing to seek injunctive relief where they did not want to be signed up for the paid service and had no intention to continue with it).

Here, plaintiff wants to purchase only those wipes that she has determined to be "flushable," and since she has determined that the Scott Wipes are not "flushable" under her definition, she will not purchase them.  Were Kimberly-Clark to redesign the product to satisfy plaintiff's definition of "flushable," it would not be the same product (unlike a food product where the "all natural" label is removed, or even where, e.g., high fructose corn syrup is replaced by sugar but the product remains essentially the same).  Here, if plaintiff's allegations are accepted as true, the design of the Kimberly-Clark products at issue precludes any of them from being considered "flushable" (under plaintiff's definition), and she will therefore not purchase the wipes.  Thus, plaintiff lacks standing to seek prospective injunctive relief as to the products at issue.

B.    Motion to Dismiss for Failure to State a Claim

1.    Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint.  Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  Review is limited to the contents of the complaint.  Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995).  Federal Rule of Civil Procedure 8 requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.  Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).  While the court is to accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); see also In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).

8

United States District Court

For the Northern District of California

1    The allegations in the complaint "must be enough to raise a right to relief above the

2    speculative level," and a motion to dismiss should be granted if the complaint does not

3    proffer enough facts to state a claim for relief that is plausible on its face.  Bell Atlantic

4    Corp. v. Twombly, 550 U.S. 544, 555, 558-59 (2007) (citations and quotations omitted).  A

5    claim has facial plausibility when the plaintiff pleads factual content that allows the court to

6    draw the reasonable inference that the defendant is liable for the misconduct alleged."

7    Iqbal, 556 U.S. at 678 (citation omitted).  "[W]here the well-pleaded facts do not permit the

8    court to infer more than the mere possibility of misconduct, the complaint has alleged – but

9    it has not 'show[n]' – 'that the pleader is entitled to relief.'"  Id. at 679.  In the event

10   dismissal is warranted, it is generally without prejudice, unless it is clear the complaint

11   cannot be saved by any amendment.  See Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir.

12   2005).

13   Although the court generally may not consider material outside the pleadings when

14   resolving a motion to dismiss for failure to state a claim, the court may consider matters

15   that are properly the subject of judicial notice.  Knievel v. ESPN, 393 F.3d 1068, 1076 (9th

16   Cir. 2005); Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).  Additionally,

17   the court may consider exhibits attached to the complaint, see Hal Roach Studios, Inc. v.

18   Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989), as well as documents

19   referenced extensively in the complaint and documents that form the basis of a the

20   plaintiff's claims.  See No. 84 Employer-Teamster Jt. Counsel Pension Tr. Fund v. America

21   West Holding Corp., 320 F.3d 920, 925 n.2 (9th Cir. 2003).

22   Finally, in actions alleging fraud, "the circumstances constituting fraud or mistake

23   shall be stated with particularity."  Fed. R. Civ. P. 9(b); Swartz v. KPMG LLP, 476 F.3d 756,

24   764 (9th Cir. 2007) ("Under Rule 9(b), falsity must be pled with specificity, including an

25   account of the "time, place, and specific content of the false representations as well as the

26   identities of the parties to the misrepresentations.").  The plaintiff must do more than simply

27   allege the neutral facts necessary to identify the transaction; he must also explain why the

28   disputed statement was untrue or misleading at the time it was made.  Yourish v. California

United States District Court

For the Northern District of California

1    <u>Amplifier</u>, 191 F.3d 983, 992–93 (9th Cir. 1999).  "[A]llegations of fraud must be specific

2    enough to give defendants notice of the particular misconduct which is alleged to constitute

3    the fraud charged "so that they can defend against the charge and not just deny that they

4    have done anything wrong."  <u>Sanford v. MemberWorks, Inc.</u>, 625 F.3d 550, 558 (9th Cir.

5    2010) (citation and quotation omitted).

6           2.       Defendants' motion

7          In the order regarding the motion to dismiss the original complaint, the court

8    dismissed the UCL/FAL and CLRA causes of action, finding that plaintiff had failed to allege

9    facts showing reliance on any alleged misrepresentations.  The court found that plaintiff did

10    not allege in the complaint that she had seen any of defendants' advertisements or

11    websites – let alone that she relied on any of them in deciding to make her purchase.  The

12    court found that plaintiff had alleged only that she based her decision to purchase the Scott

13    Naturals® wipes on the representation on the package that they were "flushable."

14          In addition, the court noted, plaintiff alleged no facts showing how she came to

15    believe that the Scott product was not "flushable."  She did not allege that she herself

16    experienced any problems flushing the product down the toilet, or that the product caused

17    any blockage or clogging in her pipes.  She asserted only that after several uses of the

18    wipes she "began to seriously doubt that they were truly flushable."

19          In the present motion, defendants again argue that the complaint should be

20    dismissed under Rule 9(b) for failure to allege fraud with particularity, and that the dismissal

21    should be with prejudice because the FAC includes the same deficiencies as the original

22    complaint.  Defendants assert that the FAC does not sufficiently plead that the challenged

23    representation – that the wipes were "flushable" – was false.  They also contend that

24    because the FAC fails to allege sufficient facts showing that Kimberly-Clark's specific

25    products (as opposed to other products) are not suitable for flushing in municipal sewer

26    systems (like plaintiff's), her economic damages theory fails.

27          Finally, defendants assert that the FAC fails to state a claim based on alleged

28    fraudulent omissions.  In order to state a claim of fraudulent omissions under the UCL/FAL,

United States District Court

For the Northern District of California

CLRA, or as a claim of common law fraud, a plaintiff must allege facts either showing that the alleged omissions are "contrary to a representation actually made by the defendant, or showing an omission of a fact the defendant was obliged to disclose." Daugherty v. Am. Honda Motor Co., Inc., 144 Cal. App. 4th 824, 835 (2006); see also Lovejoy v. AT&T Corp., 92 Cal. App. 4th 85, 96 (2001).

In the FAC, plaintiff amended her allegation to include the following basis for the fraudulent omissions claim:

> If [d]efendants informed consumers that the Flushable Wipes were not suitable for flushing down a toilet, and that doing so created a substantial risk that the consumers would clog or damage their household plumbing, or clog, damage and increase the costs of municipal sewage treatment systems (which they bear as taxpayer and ratepayers), they would not pay the premium, but rather, would opt to purchase the cheaper items not labeled "flushable."

FAC ¶ 30.

Defendants argue that, assuming that "flushable" is (as plaintiffs argue) reasonably defined as meaning "suitable for flushing down a toilet," the FAC clarifies that the fraudulent omissions claim is premised on defendants' alleged omission of "facts" contrary to the "flushable" representation, specifically the "fact" that flushing the wipes "created a substantial risk that consumers would clog or damage their household plumbing, or clog, damage and increase the costs of municipal sewage treatment systems (which they bear as taxpayer and ratepayers)" as alleged in FAC ¶ 30.

Defendants contend, therefore, that in order to survive a motion to dismiss under Rule 12(b)(6) and Rule 9, the FAC must allege facts to support the conclusion that Kimberly-Clark's wipes "created a substantial risk that the consumers would clog or damage their household plumbing, or clog, damage and increase the costs of municipal sewage treatment systems." Here, defendants argue, plaintiff has alleged no facts to support this conclusion as to the specific products manufactured by Kimberly-Clark, and it would not be reasonable for the court to infer any facts to support this conclusion in light of judicially noticeable facts to the contrary (citing a statement by a municipal sewer authority in New Jersey, which they have attached to their Request for Judicial Notice ("RJN"), that

United States District Court

For the Northern District of California

1   Kimberly-Clark's "flushable" wipes were the only ones that passed the authority's test of

2   dispersability).

3       In opposition, plaintiff asserts that the FAC pleads facts sufficient to state a claim for

4   violations of the UCL/FAL and CLRA, and a claim for common law fraud.  Plaintiff argues

5   that the FAC specifically pleads that she viewed the package for Scott Naturals® wipes in a

6   San Francisco Safeway in 2013, where she read, and relied upon, the word "flushable" and

7   noticed that the Scott wipes were more expensive than the wipes that were not labeled

8   "flushable;" and that on the basis of that "misrepresentation," she was led to believe that

9   the product was suitable for disposal down a household toilet, when it was not.  She

10  asserts that her claims and injuries are premised on her reliance on the single word

11  "flushable" on the Scott Naturals® product packaging  (as detailed in FAC ¶ 52) and not on

12  any other representations alleged in the FAC.

13      With regard to defendants' assertion that the FAC fails to allege facts showing that

14  the claim that defendants' wipes were "flushable" was false, plaintiff cites to allegations

15  regarding three U.S. cities and "many other consumers" who found defendants' wipes to be

16  unsuitable for flushing because they clogged household plumbing and municipal treatment

17  systems (citing FAC ¶¶ 49-51, 58).  She also points to allegations explaining that proper

18  and immediate dispersing is an essential element of a material's suitability for flushing

19  (citing FAC ¶ 34); describing the "special proprietary paper" used by defendants to

20  manufacture their wipes, which paper is designed to sit in a wet environment for months

21  without breaking apart, and which therefore cannot disperse efficiently when flushed down

22  a toilet (citing FAC ¶ 40); referring to videos on defendants' websites showing that the

23  wipes take hours to disperse (citing FAC ¶ 44[1]); and asserting that plaintiff herself observed

24  that defendants' wipes did not "disperse properly" in the toilet prior to being flushed (citing

25  FAC ¶ 53).

26

27      _____

28      [1]  The referenced Kimberly-Clark website distinguishes between wipes that should not
    be flushed and wipes that can be flushed.  The videos claim that defendants' flushable wipes
    "break apart with minimum agitation in just under two hours."

United States District Court

For the Northern District of California

1  Plaintiff also cites to defendants' alleged use of a "flawed technology" – a

2 "flushability test" that she claims does not really measure whether the wipes are suitable for

3 flushing (citing FAC ¶¶ 41-47).  She contends that the test – which was developed by the

4 Association of Nonwoven Fabrics Industry – does not mimic real-world conditions because

5 the water in the tests is agitated more strongly than is the water at the wastewater

6 treatment plants; because the tests fail to take into account the wipes' propensity for

7 "ragging" or becoming tangled with one another; and because the tests assume that wipes

8 will take significant time to reach wastewater treatment plant, whereas in plaintiff's view the

9 journey may take only "a few minutes."

10  Finally, plaintiff argues that her omission-based claims are properly pled.  She

11 agrees with defendants' position that the new allegations in the FAC clarify that she is

12 proceeding solely under the theory that the alleged omission was contrary to a

13 representation made by the defendants – that their wipes are "flushable."  She asserts that

14 as pled in the FAC, there is only one proper definition of the word "flushable" – i.e.,

15 "suitable for disposal by flushing down a toilet" (citing FAC ¶¶ 31-35).

16  Plaintiff concedes that the representation that the wipes were "flushable" might be

17 true if the word were defined as meaning "capable of being flushed," but she argues that

18 the use of this word would still be misleading to a reasonable consumer because that

19 consumer might understand the word to mean "suitable for being flushed."  She claims that

20 the wipes are not (in her view) "suitable for being flushed" because of the risk of damage to

21 household plumbing and municipal wastewater treatment systems.  She asserts that it was

22 a material omission "to fail to tell her how [d]efendants were defining 'flushable' and that the

23 wipes were not actually suitable for disposal via toilet because of the risk of damage to

24 household plumbing and municipal sewage treatment systems."

25  The court finds that defendants' motion must be GRANTED.  Plaintiff has failed to

26 correct the deficiencies of the original complaint, and the FAC is also deficient in other

27 ways identified by defendants.  Assuming for the sake of argument that plaintiff has

28 adequately pled that she relied on the single word "flushable" on the product packaging for

the Scott Naturals® wipes that she purchased, the court finds that she has still not alleged

facts showing that the representation "flushable" is false or misleading as to the Scott

Naturals® product or as to any of the other three Kimberly-Clark products at issue.  It is not

enough for her to simply claim that it is false – she must allege facts showing why it is false.

See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) ("The plaintiff

must set forth what is false or misleading about a statement, and why it is false.").

Having personally experienced no problems with her plumbing on account of her use

of the Scott Naturals® wipes or any of the products at issue, plaintiff must point to some

other specific facts showing that the designation "flushable" is false.  Plaintiff has failed to

do this.  She cites to articles on the Internet that discuss problems with clogs and

blockages at wastewater treatment plants in various locations in the United States, but

those problems appear to have had a number of causes – including people flushing "non-

flushable" wipes or other "non-flushable" materials down the toilet.

Plaintiff asserts that "[m]unicipalities all over the country have experienced

numerous problems that have been tied specifically to [d]efendants' [f]lushable [w]ipes."

FAC ¶ 48.  She bases this allegation on television news reports originating in three local

news markets – Bakersfield CA, Jacksonville FL, and San Antonio TX (though not San

Francisco, the city where plaintiff lives) – in which the reporters opined that "flushable"

wipes, including those manufactured by Kimberly-Clark and numerous other companies,

have caused clogs and blockages in residential plumbing systems and at local sewage

treatment plants.  See FAC ¶¶ 49-51.

However, the FAC also cites news articles stating that problems at municipal

wastewater treatment plants are caused by consumers who dispose of non-flushable wipes

(and other objects not intended to be flushed, such as diapers, rags, towels, hair, cigarette

butts, kitty litter, and doggy waste bags) into sewer systems.  See FAC ¶ 34.  In addition,

the FAC acknowledges that issues involving wipes at wastewater treatment plants are

caused by wipes interacting with non-flushable items (such as debris) in the water

treatment system.  See FAC ¶¶ 18, 46.

United States District Court

For the Northern District of California

1    Plaintiff also bases the allegation of falsity on statements by "consumers" who

2    allegedly posted complaints on a Cottonelle® website (which currently cannot be

3    accessed).  The comments as quoted by plaintiff are vague and lacking in detail, and also

4    appear to involve allegations of damage to the consumers' septic systems, not municipal

5    sewer systems.  See FAC ¶ 58.  These references do not satisfy plaintiff's obligation to

6    plead with specificity how the "flushable" representation was false and caused the damage.

7    The comments do not specify when the consumer used the product and how many times,

8    how the consumer used the product, and the other "who, what, when, where, and how" of

9    the misconduct that must be alleged in the complaint.  Without those details, plaintiff's

10   statement that the wipes are not "flushable" is nothing more than an unwarranted

11   conclusion.

12       In short, plaintiff has failed to plead with particularity how Kimberly-Clark's wipes are

13   not flushable.  She alleges that she flushed the wipes – thus, the designation "flushable" is

14   literally true – but she does not allege that they caused problems with her plumbing system,

15   or even issues with her sewer system.  Such allegations might be relevant to her definition

16   of "flushable" as "suitable for disposal down a toilet," but the references to other people's

17   plumbing issues or to other cities' wastewater treatment systems are not sufficiently

18   detailed to meet the pleading standard.  See In re GlenFed Sec. Litig., 42 F.3d 1541, 1548

19   (9th Cir. 1994) (plaintiff required to plead with particularity "why the statement or omission

20   complained of was false or misleading").

21       Plaintiff also criticizes the tests Kimberly-Clark has performed on its "flushable"

22   wipes (documented in videos on its website), claiming that the tests are worthless because

23   they do not mimic what she calls "real-world conditions."  Specifically, she claims that the

24   water is agitated more strongly in the tests than at the wastewater treatment plants; that the

25   tests fail to take into account what she asserts is the wipes' propensity for "ragging" or

26   becoming tangled with one another; and that the tests assume that wipes will take

27   significant time to reach the wastewater treatment plant, whereas in plaintiff's view the

28   journey may take only "a few minutes."  If anything, plaintiff's discussion of the tests

United States District Court

For the Northern District of California

1  Kimberly-Clark conducted on its products underscores the fact that it would be impossible

2  for any factfinder to determine whether the wipes are "flushable" under plaintiff's definition

3  because of the differences and variations among types of wipes, operation of wastewater

4  or septic treatment systems in different locations, and pipes and drainage systems.

5       Plaintiff's failure to plead facts showing why the designation "flushable" is false as

6  applied to the Kimberly-Clark products at issue means that the complaint must be

7  dismissed under Rule 9(b).  Id. at 1107-08.  She essentially alleges that using the

8  designation "flushable" is false because the wipes are not flushable – in other words,

9  saying that the wipes are "flushable" is false because it is not true.  That is simply a circular

10 argument, not an explanation of why the designation is false.

11      As for the fraudulent omissions claim, plaintiff is required to plead facts showing with

12 particularity that the wipes at issue are not suitable for flushing down a toilet because they

13 create a substantial risk that consumers will clog or damage their plumbing, and that

14 defendants failed to disclose that fact.  However, the only allegations plaintiff proffers in

15 support of her conclusory claim that Kimberly-Clark's wipes are not "suitable for flushing"

16 are the general allegations noted above – that news reporters in three cities stated that

17 some wipes (not necessarily flushable wipes and not necessarily Kimberly-Clark wipes)

18 have caused clogs or blockages in their local wastewater systems; and that a few

19 purported consumers posted comments on Kimberly-Clark's website saying the wipes

20 clogged their rural plumbing/septic systems (though they provided no details as to what

21 products they purchased, when or how they used them, or how they claim the clogs were

22 caused by Kimberly-Clark's wipes).  This is not sufficient to plead the fraudulent omission

23 claim with specificity under Rule 9, and is not even sufficient to meet the pleading

24 requirements of Rule 8.

25      Finally, where – as here – a consumer fails to allege facts showing that he/she

26 experienced any harm resulting from product use, the consumer has failed to allege

27 damage under the UCL/FAL/CLRA or common law fraud.  See Herrington v. Johnson &

28 Johnson Consumer Companies, Inc., 2010 WL 3448531 at *8-12 (N.D. Cal. Sept. 1, 2010)

(because the plaintiffs did not allege facts showing that the level of particular chemicals in the defendants' products caused them or their children harm, "under the objective test for materiality, the alleged non-disclosures are not actionable").

## CONCLUSION

In accordance with the foregoing, defendants' motion to dismiss is GRANTED.  The FAC fails to state a claim for relief that is plausible on its face.  Because plaintiff was previously been given leave to amend to correct the deficiencies in the complaint, and failed to do so, the court finds that further leave to amend would be futile.  Based on this order, the court finds further that the motion to strike certain allegations in the FAC is moot.

**IT IS SO ORDERED.**

Dated:  December 19, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge

United States District Court
For the Northern District of California