UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JENNIFER DAVIDSON,

    Plaintiff,

    v.

KIMBERLY-CLARK CORPORATION, et al.,

    Defendants.

No. C 14-1783 PJH

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**

Before the court is plaintiff's motion pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) to reconsider the order granting defendants' motion to dismiss the first amended complaint ("FAC") and the judgment entered in this case on December 19, 2014. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby DENIES the motion.

## BACKGROUND

Plaintiff Jennifer Davidson filed this action on March 13, 2014, in the Superior Court of California, County of San Francisco, alleging that defendants Kimberly-Clark Corporation, Kimberly-Clark Worldwide, Inc., and Kimberly-Clark Global Sales LLC ("Kimberly-Clark") had falsely advertised that cleansing cloths ("wipes") they manufacture and sell under four different brand names are "flushable." Plaintiff asserted claims under the Consumer Legal Remedies Act ("CLRA"), California Civil Code §§ 1750, et seq.; the False Advertising Law ("FAL"), California Business & Professions Code §§ 17500, et seq.; and the Unfair Business Practices Act ("UCL"), California Business & Professions Code §§ 17200, et seq.; plus a claim of common law fraud, deceit and/or misrepresentation.

On April 17, 2014, Kimberly-Clark removed the case to this court, asserting jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A). Kimberly-Clark moved to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim, and also moved to strike certain allegations in the complaint. On August 8, 2014, the court issued an order denying the motions in part and granting them in part. The dismissal was with leave to amend.

Plaintiff filed a first amended complaint ("FAC") on September 5, 2014. Kimberly-Clark again moved to dismiss for lack of subject matter jurisdiction and failure to state a claim, and moved to strike certain allegations in the FAC. On December 19, 2014, the court issued an order granting the motions. Because plaintiff had previously been given leave to amend, but had failed to correct the pleading deficiencies, the dismissal was with prejudice. Also on December 19, 2014, the court entered judgment.

On January 16, 2015, plaintiff filed the present motion, seeking reconsideration under Federal Rule of Civil Procedure 59(e) or 60(b).

**DISCUSSION**

A.  Legal Standard

A motion to reconsider a final appealable order is appropriately brought under either Federal Rule of Civil Procedure 59(e) or 60(b). Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000); see also Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). Motions for reconsideration should not be frequently made or freely granted. Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir.1980).

Under Rule 60(b),

> the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3)

2

> fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 59(e) allows a party to seek an order altering or amending a judgment. Rule 59(e) does not describe the conditions under which a court should reconsider a prior decision, but courts have determined that reconsideration under Rule 59(e) is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed a clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Sissoko v. Rocha, 440 F.3d 1145, 1153-54 (9th Cir. 2006).

A motion for reconsideration "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (referring to Rule 59(e)); see also Casey v. Albertson's Inc., 362 F.3d 1254, 1259-61 (9th Cir. 2004) (referring to Rule 60(b)); Kona Enters, 229 F.3d at 890 (interpreting Rule 59(e)). The sole exception is when the court has committed "clear" or "manifest" error. However, mere disagreement with a court's order does not provide a basis for reconsideration. See McDowell v. Calderon, 197 F.3d 1253, 1256 (9th Cir. 1999).

B.  Plaintiff's Motion

Plaintiff contends that reconsideration of the court's final order is warranted for three main reasons – because the court dismissed the claim for injunctive relief rather than remanding it to the San Francisco Superior Court as plaintiff had requested; because the court dismissed the complaint with prejudice rather than granting leave to amend to allege additional facts showing why the wipes are not "flushable;" and because the court committed error in ruling that plaintiff had not adequately pled damages.

1.  Ruling that plaintiff lacked standing to seek prospective injunctive relief

First, plaintiff argues that instead of ruling that she lacked standing to seek injunctive relief, the court should have remanded the claim for injunctive relief. In the

original complaint, plaintiff sought injunctive relief as a remedy for the alleged violations of the CLRA, the FAL, and the UCL. In the CLRA cause of action, plaintiff requested that the court "enjoin [d]efendants from continuing to employ the unlawful methods, acts and practices alleged herein[,]" and asserted that if defendants were not "restrained from engaging in these types of practices in the future, [p]laintiff and other members of the [c]lass will continue to suffer harm." Cplt ¶ 89. In the FAL cause of action, plaintiff requested "on behalf of those similarly situated, an injunction to prohibit [d]efendants from continuing to engage in the false, misleading and deceptive advertising and marketing practices complained of herein[,]" and asserted that she and "those similarly situated" were entitled to "injunctive relief restraining [d]efendants from engaging in any such advertising and marketing practices in the future." Cplt ¶¶ 100, 101. Similarly, in the UCL cause of action, plaintiff requested "on behalf of those similarly situated, an injunction to prohibit [d]efendants from continuing to engage in the unfair trade practices complained of herein[,]" and asserted that she and "those similarly situated" were entitled to "injunctive relief restraining [d]efendants from engaging in any of such deceptive, unfair and/or unlawful trade practices in the future." Cplt ¶¶ 121, 123.

In the August 8, 2014 order regarding the motion to dismiss the original complaint, the court found that plaintiff lacked standing to assert a claim for prospective injunctive relief because the allegations in the complaint made clear that plaintiff had no intention of purchasing the products at issue in the future. Thus, the court concluded, as plaintiff had failed to allege facts showing a realistic threat that she would be harmed by Kimberly-Clark's use of the term "flushable" on the packaging of the products at issue, she lacked standing to seek prospective injunctive relief. See Aug. 8, 2014 Order at 7-9.

Notwithstanding this ruling, plaintiff re-pled the requests for prospective injunctive relief in the FAC, using much the same language as in the original complaint. See FAC ¶¶ 74, 85, 86, 106, 108. Kimberly-Clark again moved to dismiss. Plaintiff opposed the motion, but argued that if the court were inclined to dismiss the injunctive relief claim for lack of standing, the court should instead "sever" the claim for injunctive relief and remand

4

it to the Superior Court.  Plaintiff had made that same request in the opposition to the motion to dismiss the original complaint.  The court did not specifically address those requests in either order, but rather simply reviewed the causes of action and the requested relief.  In the December 19, 2014 order, the court again held that plaintiff lacked standing to seek prospective injunctive relief as to the products at issue.

It is not entirely clear what the basis of plaintiff's objection is, other than that the court did not accede to plaintiff's wishes.  There was no motion before the court seeking an order remanding the injunctive relief remedy, but rather simply plaintiff's proposal in the opposition to each of Kimberly-Clark's motions that remand would be a preferred alternative to dismissal.  Plaintiff supported the proposal with citation to two decisions – Lee v. American Nat. Ins. Co., 260 F.3d 997, 1007 (9th Cir. 2001), in which the Ninth Circuit held that "[a] case that is properly removed in its entirety may nonetheless be effectively split up when it is subsequently determined that some claims cannot be adjudicated in federal court;" and California v. Northern Trust Corp., 2013 WL 1561460 at *5 (C.D. Cal. Apr. 10, 2013), in which the district court held that it was proper to remand UCL claims where the alternative approach of dismissing those claims "would force [p]laintiff to forfeit its otherwise viable state law claims."

Plaintiff has again cited both these decisions here.  The court finds, however, that neither is applicable.  In Lee, the plaintiff sought remand of certain causes of action, but not of others, and the question raised by the portion of the opinion cited by plaintiff involved the theoretical possibility that a "partial remand" – a remand of fewer than all causes of action in a removed complaint – might under some circumstances be procedurally proper.  See Lee, 260 F.3d at 1007 & nn. 8-9.  However, as the court noted that the plaintiff had not "present[ed] a specific, cogent argument for our consideration" on appeal, see id. at 1007 (citation omitted), the court's comments were essentially dicta.

In California v. Northern Trust, the court considered whether "partial remand" – an order by the court remanding the UCL cause of action for lack of standing, while retaining jurisdiction over the remaining causes of action – was procedurally proper.  Id., 2013 WL

5

1561460 at *5.  The court found that plaintiff State of California lacked standing to bring a UCL claim in federal court under the facts of the case, but held, following the dicta in Lee, that a "partial remand" of only the UCL cause of action would be proper.  Id. at *5-6.

Here, by contrast, plaintiff's proposal was that the court sever a remedy that she sought for alleged violations of three of the four causes of action, then remand that remedy to San Francisco Superior Court, while retaining jurisdiction over all causes of action that had previously been removed.  In reviewing plaintiff's papers and considering her arguments, the court was unable to locate any authority at the time to support such a proposal (even had it been properly presented in the form of a motion), and finds no authority to support it now.

In the present motion, plaintiff cites to a decision from another judge of this judicial district, holding that it was proper to remand a request for prospective injunctive relief to the state court and to retain jurisdiction over all causes of action.  See Machlan v. Procter & Gamble Company, __ F. Supp.3d __, 2015 WL 106385, N.D. Cal., Jan. 7, 2015.  This decision was issued after the order and judgment challenged by plaintiff here, but before plaintiff filed the motion for reconsideration.  Both the Machlan case and the present case involve allegations that the respective defendants misrepresented their "wipes" as "flushable," and both cases assert the same four causes of action – claims under the CLRA, the FAL, and the UCL, and a claim of common law fraud.

Plaintiff has not connected any of this argument to the requirements for relief under Rule 59(e) or Rule 60(b), and the court is unable to find any support in either rule.  Plaintiff seems to be suggesting that because the facts in this case are similar to the facts in Machlan, and because she prefers the outcome in Machlan, this court should vacate the judgment, change the portion of the order relating to the requested injunctive relief, and order that the injunctive relief remedy be remanded.  That is not a ground for relief under either Rule 59(e) or 60(b).  In addition, the Machlan decision is not precedential in any way, and the court disagrees that the same result should apply here.  Finally, while it is true that it did not expressly address this question in either of the prior orders, primarily because

6

plaintiff had not submitted the request for remand in a proper format, this court was at that time – and remains – flummoxed by the prospect of attempting to remand a remedy without any accompanying cause of action seeking that remedy.[1]

2.  Dismissal of complaint with prejudice

In her second main argument, plaintiff contends that the court erred in dismissing the complaint without leave to amend, and that she should have been permitted to allege additional facts showing why the wipes are not "flushable," including the "impact" of certain building safety regulations that are part of the California Building Standards Code, Cal. Code Regs., Tit. 24, Part 5, referred to as the "California Plumbing Code."

In the original complaint, plaintiff alleged that at some point in 2013, she purchased one of Kimberly-Clark's "flushable" products, which she believed had been "specially designed to be suitable for flushing down her toilet, without causing problems in her plumbing or at the water treatment plant." Cplt ¶ 70. She alleged that she started using the wipes, but, at some unspecified time later, she "began to seriously doubt that they were truly flushable." Id. ¶ 71. She stopped using the wipes and did not thereafter purchase any of Kimberly-Clark's "flushable" products. Id. ¶¶ 71-72.

She did not allege that she suffered any damage to her pipes, septic tank, or sewage system. Rather, she asserted that by flushing flushable wipes, "consumers risk damaging pipes, septic tanks, and sewage systems." Id. ¶ 40. The only injury plaintiff alleged was that she paid "a premium" for a product that Kimberly-Clark advertised as "flushable" – which she believed meant "suitable for flushing" – but which she herself later determined to be not flushable.

In the CLRA cause of action, plaintiff alleged that Kimberly-Clark falsely represented

---

[1] Injunctive relief is purely a remedy in federal court. See Hafiz v. Greenpoint Mortg. Funding, Inc., 652 F.Supp.2d 1039, 1049 (N.D. Cal. 2009) ("Injunctive relief is a remedy which must rely upon underlying claims."). It is not entirely clear whether California courts may recognize a cause of action for injunctive relief, although there is ample authority holding that it is a remedy, not a cause of action. See, e.g., Guessous v. Chrome Hearts, LLC, 179 Cal. App. 4th 1177, 1187 (2009). It is a moot point, however, because plaintiff in this case did not plead a cause of action for injunctive relief in the complaint she filed in the Superior Court.

7

that the wipes were "flushable." Id. ¶ 88. In the remaining three causes of action, plaintiff asserted that Kimberly-Clark had fraudulently stated that the wipes were "flushable" or "suitable for flushing," and had fraudulently omitted to state that the wipes were "not suitable for disposal by flushing down a toilet." Cplt. ¶¶ 94, 104, 115.

In the motion to dismiss, Kimberly-Clark argued, among other things, that the complaint failed to state a claim under Rule 9(b) because plaintiff had failed to plead any claim with particularity. Most notably, Kimberly-Clark asserted that plaintiff had failed to plead sufficient particular facts showing she was exposed to the alleged misrepresentations – with the exception of the allegation that she viewed the packaging for one of the Kimberly-Clark products in a San Francisco Safeway store – and that she relied on those misrepresentations, and had also failed to allege how she "came to believe" the "flushable" representation was false. Kimberly-Clark emphasized that plaintiff had not alleged that she ever experienced a clogged pipe or any problems with her plumbing as a result of flushing Kimberly-Clark's flushable wipes.

In her opposition to the motion, plaintiff asserted that the complaint contained all the information necessary to satisfy Rule 9(b). She noted that the complaint alleged that she viewed the Scott Naturals® package in a San Francisco Safeway store in 2013, where she read the word "flushable" and concluded that because the Scott product was more expensive than other products not labeled "flushable," it must in fact have been specially suitable for flushing down the toilet. In a footnote, plaintiff took issue with Kimberly-Clark's argument that she had alleged no facts showing how she "came to learn" the "flushable" representation was false, asserting that such an allegation is not required under Rule 9(b), and complaining that Kimberly-Clark had cited no authority requiring that such facts be pled. Moreover, she argued, the complaint did specify the basis for her conclusion – that she observed that the "thick, sturdy paper" did not "disperse in the toilet like toilet paper when it was flushed," and that based on that, she "began to doubt the flushability claims on the package."

In the August 8, 2014 order regarding the motion to dismiss the original complaint,

the court dismissed the complaint because, among other things, plaintiff had not adequately alleged reliance. The court noted that plaintiff had asserted that she based her decision to purchase the Scott Naturals® wipes on the representation on the package that they were "flushable," but had not alleged any facts showing how she "came to believe" the Scott Naturals® wipes were not "flushable."

In that regard, the court explained that plaintiff did not allege that she was unable to flush the product down the toilet, or that the product caused any problems with her pipes – just that after several uses of the wipes she "began to seriously doubt that they were truly flushable." Aug. 8, 2014 Order at 15. In other words, plaintiff had offered no clear basis or any particularized facts to support her assertion that the Scott Naturals® wipes were not flushable – or that the statement that they were flushable was false – even after the court raised the issue of how plaintiff "came to believe" they were not flushable.

The court granted the motion to dismiss the statutory claims for failure to allege fraud with particularity as to affirmative misrepresentations, with leave to amend to plead facts showing that Kimberly-Clark made false statements, and that she relied on the alleged misrepresentations. The court denied the motion to dismiss the statutory claims for failure to state a claim of fraudulent omissions, finding that it was unclear whether plaintiff's claim was that the alleged omission of information explaining the meaning of "flushable" was actionable because it was contrary to an affirmative representation made by Kimberly-Clark, or because it was actionable because Kimberly-Clark had a duty to disclose to her (and/or to the public) that the wipes might not completely disperse by the time they arrived at the wastewater treatment plant.

In the FAC, plaintiff asserted the same four causes of action as in the original complaint. She alleged that "[r]easonable consumers understand the word 'flushable' to mean suitable for disposal down a toilet," and that the Kimberly-Clark products at issue are not "flushable" under that definition. Cplt ¶ 18. She also alleged that Kimberly-Clark had fraudulently omitted to state that the wipes were not suitable for flushing down a toilet. Id. ¶ 30. She asserted that she believed that after the wipes are flushed down a toilet, they fail

9

to "disperse," with the result that they "may" clog municipal sewer systems and septic systems, and/or damage pipes and sewage pumps. Id. & ¶ 39. Nevertheless, she still did not allege that she was unable to flush any of the Kimberly-Clark "flushable" wipes, or that the wipes caused any plumbing problems for her. Rather, she again asserted that after "several uses of the wipes," she "began to become concerned that they were not truly flushable, [and] so stopped flushing the wipes and stopped using the product altogether." Id. ¶ 53.

Kimberly-Clark moved to dismiss for failure to allege fraud with particularity, asserting that the FAC included the same deficiencies as the original complaint. In particular, Kimberly-Clark contended that the FAC did not sufficiently plead that the challenged representation – that the wipes were "flushable" – was false. Kimberly-Clark also argued that the FAC failed to state a claim based on alleged fraudulent omissions, because it did not plead facts showing that the alleged omissions were contrary to a representation actually made by Kimberly-Clark, or that Kimberly-Clark had omitted a fact it was under a duty to disclose.

In her opposition, plaintiff argued that the FAC included allegations regarding three U.S. cities and a number of "consumers" who found Kimberly-Clark's wipes to be unsuitable for flushing because they clogged household plumbing and municipal plumbing systems; allegations to the effect that "immediate dispersability" is an essential element of a material's suitability for flushing; allegations that videos on Kimberly-Clark's website showed that the wipes take some time to disperse; and allegations that she herself observed that the Scott Natural® wipes she purchased did not "disperse properly" before she flushed them (citing FAC ¶¶ 34, 40, 44, 49-51, 53, 58).

Plaintiff also clarified that her omission-based claims were based solely on the theory that the alleged omission was contrary to a representation made by Kimberly-Clark – that the wipes were "flushable" under the one proper definition of "flushable," which she argued is "suitable for disposal for flushing down a toilet." Plaintiff added that in her view, the wipes were not "suitable for being flushed" because of the risk of damage to household

plumbing and municipal wastewater treatment systems. She claimed that Kimberly-Clark had engaged in fraud by omission when it "failed to tell her how" it was defining "flushable," and when it failed to tell her that the wipes were not actually "suitable for disposal via toilet because of the risk of damage to household plumbing and municipal sewage treatment systems."

In the December 19, 2014 order, the court dismissed the FAC, finding that plaintiff had failed to correct the deficiencies in the original complaint, and that the FAC was deficient in other ways identified by Kimberly-Clark. In particular, the court found that even assuming that plaintiff had adequately relied on the single word "flushable" on the packaging of the Scott Naturals® product she purchased, she still had not alleged facts showing that the representation "flushable" was false or misleading as to any of the Kimberly-Clark products at issue. The court noted that it was not enough for plaintiff to simply claim that it was false – she was required to plead facts showing that it was false. The court found that plaintiff had failed to do that.

The court also found that plaintiff had failed to plead facts sufficient to support the fraudulent omissions claim. The court held that plaintiff had not alleged facts showing with particularity that the wipes at issue were not suitable for flushing down a toilet because they created a substantial risk that consumers would clog or damage their plumbing, and that Kimberly-Clark failed to disclose that fact. The court noted that in opposing the motion to dismiss with regard to the omissions claims, plaintiff cited to the same allegations she previously cited in opposing the motion to dismiss the affirmative misrepresentation claim. For similar reasons, the court found plaintiff had failed to plead the fraudulent omissions claim with particularity under Rule 9(b). The court dismissed the FAC with prejudice.

In the present motion, plaintiff argues that it was error for the court to dismiss the FAC without leave to amend. She asserts that the court should have permitted her leave to amend to plead additional facts showing why the wipes are not "flushable." She complains that the court's December 19, 2014 order did not respond to her arguments, and that the court had instead responded to a "different argument" – "why the designation 'flushable' is

11

1  false as a applied to the Kimberly-Clark products at issue." Plaintiff complains that she was
2  not given leave to amend to correct this "newly identified deficiency."

3  Plaintiff asserts that if given leave to amend, she could add allegations based on the
4  California Plumbing Code, which prohibits depositing into a sewer, drainage system, or
5  septic tank any of a number of substances or objects. She contends that this statutory
6  preclusion supports her proposed definition of "flushable," which she argues means that an
7  object must pass through the entire sewer system before it can be considered "flushable,"
8  and that simply being capable of being flushed down a toilet is not the same as "flushable."
9  Plaintiff claims that her counsel was unaware of the Plumbing Code until December 2014
10 when she learned about it while reviewing documents produced by another defendant in
11 another "flushable wipes" lawsuit.

12 While plaintiff argues that she could add new facts, she has not identified any
13 additional facts that arose or were discovered after entry of judgment. To the extent the
14 Plumbing Code is relevant to the issues in this case – which is questionable – it clearly
15 does not constitute new facts that were not available to plaintiff prior to the filing of the
16 original complaint.[2] Nor does it provide any additional basis to support plaintiff's claim that
17 Kimberly-Clark's "flushable" wipes are not in fact "flushable." The court gave plaintiff ample
18 opportunity and direction to amend the complaint before dismissing it. Plaintiff's opposition
19 to Kimberly-Clark's motion to dismiss the FAC did not identify any new facts that she would
20 add to any further amended complaint, and the court finds that plaintiff has not established
21 that the court erred in dismissing the complaint without leave to amend.

22       3.    Ruling that plaintiff had not adequately pled damages.

23 Finally, plaintiff argues that the court committed error in ruling in the December 19,
24 2014, order that she had not adequately alleged that she suffered damages under the
25 FAL/UCL or CLRA because she did not allege facts showing she suffered any harm

---

[2] Moreover, plaintiff's claim that her counsel was unaware of the existence of the Plumbing Code, which has for some period of time been included within the California Code of Regulations, is a bit disingenuous.

12

resulting from product use.

Plaintiff asserts that this ruling (which was not essential to the final disposition of the case) was in error because all that is necessary to establish standing under the FAL/UCL and CLRA is an allegation that the plaintiff suffered an economic loss in the form of lost money or property. Plaintiff contends that in the August 8, 2014 order, the court acted consistently with this rule by holding that plaintiff had adequately pled standing by alleging that she had spent money to purchase the Scott Naturals® product. Plaintiff also asserts that the case cited in the December 19, 2014 order – Herrington v. Johnson & Johnson Consumer Companies, 2010 WL 3448531 (N.D. Cal. Sept. 1, 2010) – is inapposite because the court there did not hold that a plaintiff must allege an injury from product use in order to have standing or state a claim.

The court did previously hold in the August 8, 2014 order that plaintiff had adequately pled standing under the FAL/UCL and CLRA by alleging that she purchased a product that she would not otherwise have purchased, or paid a premium for such a product that she would not have otherwise have paid, in reliance on the alleged misrepresentation. In the December 19, 2014 order, however, the court was not referring to standing to sue when it found that plaintiff had not suffered damages, but rather was responding to Kimberly-Clark's argument that the FAC failed to state a claim under any of the four causes of action because (among other things) it did not plead facts showing that plaintiff suffered any damages.

The court noted in the "Background" section of the order that plaintiff had not pled facts showing that her use of the wipes damaged her plumbing, pipes, or septic system. Instead, she simply asserted that after "several uses of the wipes," she "began to become concerned that they were not truly flushable, and stopped using the product altogether." FAC ¶ 53. She has not used any of Kimberly-Clark's "flushable" wipes since that time, FAC ¶ 55, and indeed, purchased the Scott Naturals® product on only one occasion, in 2013.

The court cited Herrington for the basic proposition that if a consumer cannot show harm resulting from product use, the consumer has failed to allege damage under the

13

FAL/UCL, CLRA, or common law fraud.  Even though plaintiff alleged economic injury for purposes of standing by asserting that she purchased the Scott Naturals® product only because the packaging stated that the wipes were "flushable," she failed to allege facts showing that the use of the word "flushable" was false or misleading, and failed to allege facts showing that she suffered any harm from her use of the product.

## CONCLUSION

In accordance with the foregoing, plaintiff's motion to alter or amend the judgment is DENIED.  Plaintiff has not presented any newly discovered evidence, has not shown that the court committed clear error or that the dismissal was manifestly unjust, has not shown any intervening change in the controlling law.  Thus relief under Rule 59(e) is not appropriate.  Nor has plaintiff established mistake, inadvertence, surprise, or excusable neglect; provided newly discovered evidence which, with reasonable diligence, could not previously have been discovered; or articulated "any other reason that justifies relief."  Thus, there is no basis for reconsideration of the final judgment under Rule 60(b).

**IT IS SO ORDERED.**

Dated:  May 15, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge