UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER DAVIDSON,<br><br>    Plaintiff,<br><br>    v.<br><br>KIMBERLY-CLARK CORPORATION, et al.,<br><br>    Defendants. | Case No. 14-cv-01783-PJH<br><br>**ORDER DENYING MOTION TO STRIKE**<br><br>Re: Dkt. No. 68 |

Before the court is defendants Kimberly Clark Global Sales, LLC, Kimberly-Clark Corporation, and Kimberly-Clark Worldwide, Inc.'s ("Kimberly-Clark") motion to strike. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for August 1, 2018 is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court DENIES the motion, for the following reasons.

On May 27, 2014, Kimberly-Clark moved to dismiss plaintiff's original complaint and also moved to strike certain allegations therein. Dkt. 16. On August 8, 2014, the court granted the motion to strike in part and denied it in part. Dkt. 24. On September 22, 2014, Kimberly-Clark moved to dismiss plaintiff's first amended complaint ("FAC") and also moved to strike certain allegations therein. Dkt. 29. On December 19, 2014, this court granted the motion to dismiss the FAC and denied the motion to strike as moot. Dkt. 44. Plaintiff appealed to the Ninth Circuit, which issued an amended opinion on May 9, 2018. Dkt. 64; Davidson v. Kimberly-Clark Corp., 889 F.3d 956 (9th Cir. 2018). On appeal, plaintiff argued, inter alia, that this court "abused its discretion in striking,

pursuant to Rule 12(f), references to newspaper reports in the original complaint." Davidson, 889 F.3d at 963. The Ninth Circuit reversed this court's order dismissing the FAC. Id. Following the Ninth Circuit's opinion and mandate, defendants re-noticed their motion to strike. Dkt. 68.

Federal Rule of Civil Procedure 12(f) provides that the court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)).

In its opinion, the Ninth Circuit declined to review this court's order striking portions of the original complaint. Davidson, 889 F.3d at 966 n.3. It noted instead that "the FAC is sufficient as is to survive the heightened pleading requirements of Rule 9(b)" and that "the FAC is adequate as it stands." Id. at 966 n.3. Given the Ninth Circuit's review of plaintiff's claims and its assessment of the FAC's allegations, this court finds that the paragraphs defendants move to strike from the FAC are not redundant, immaterial, impertinent, or scandalous under Rule 12(f).

Moreover, defendants' arguments to strike largely concern plaintiff's reliance on materials referenced in the FAC and the admissibility of certain evidence. Those issues are more properly addressed at later stages of the litigation, for example pursuant to a motion for summary judgment.

For the reasons stated, defendants' motion to strike is DENIED.

**IT IS SO ORDERED.**

Dated: July 24, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge